Osborn v. Franklin Hospital et al., Appellants.

Argued April 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James J. Burns, Jr.,* with him *Leo H. McKay* and *Brockway, Whitla & McKay,* for appellants.

*John V. Wherry,* for appellee.

OPINION BY DITHRICH, J., July 19, 1945:

Claimant and defendants in this workmen's compensation case entered into a compensation agreement providing for the payment of compensation for an indefinite number of weeks. The agreement is dated April 4, 1938. On May 26, 1939, defendants filed a petition to terminate the agreement, alleging that all disability resulting from the accident ceased as of April 24, 1939. This petition was dismissed by the board on April 24, 1941, and no further appeal was taken. On December 30, 1941, defendants filed their second petition for termination of the compensation agreement, alleging that all disability had ceased November 1, 1938. The referee found that the total disability continued and dismissed the petition. Both the board and the court of common pleas affirmed. This appeal followed.

Claimant was employed by the defendant, Franklin Hospital, as chief cook. The compensation agreement described the accident and resulting injury as follows: "ammonia coil in refrigerator system sprung a leak filling kitchen with ammonia fumes. Claimant sustained laryngitis and bronchitis due to inhaling fumes." She was forced to discontinue work on February 28, 1938, and the parties entered into the compensation agreement, providing for payments for total disability. Thereafter, claimant did not engage in any work, with one exception. For about seven weeks prior to March 27, 1940, she did some light work of a highly specialized character, viz., companion to an invalid and preparation of meals for a family of three persons. For this work she was paid $5 per week. On March 27, 1940, claimant was injured in an automobile accident, after which she did no work of any kind.

Appellants first raise the question whether their present petition is barred by the dismissal of their prior petition. The first petition alleged that total disability ceased as of April 24, 1939; the second petition, involved in this appeal, alleges that the disability ceased as of November 1, 1938. The first petition was disposed of in an opinion by the board dated April 24, 1941, which was unappealed from and therefore fixed the status of the parties as of that time. *Kilgore v. State Workmen's Insurance Fund*, 127 Pa. Superior 213, 193 A. 294; *Shay v. North Side Bank and Trust Co. of Lebanon*, 132 Pa. Superior 53, 200 A. 302. The question of claimant's disability on November 1, 1938, was already determined when appellants filed their second petition. The board, however, did not depend upon the prior determination in arriving at its decision. It considered the testimony of Dr. Flannery and Dr. Daugherty, both of whom examined the claimant in the spring of 1942. Appellants' present petition, therefore, was not precluded by the dismissal of their prior petition.

Appellants next question the finding that claimant was still totally disabled, since it has also been found that she had done some light work. The finding of the referee, adopted by the board, is as follows: "Eighth: Your Referee finds as a fact that the claimant did some light work of a highly specialized character for seven weeks prior to March 27, 1940, for a Mrs. Lynch in Erie, for which the claimant was paid $5.00 per week." The testimony supports the finding and reveals the nature of the work she did. John Lynch testified that his wife said to him: "She [claimant] is not able to do very much hard work. She had been employed in a hospital in Mercer and they had an accident down there, and she said she came here to visit relatives in the city but she would like to get something to do while she is here." He further testified that "...... she didn't do any washing or ironing or house cleaning," but that she did do the cooking for Mr. and

Mrs. Lynch and their son. Another witness, Ruth Parsons, testified: "Q. What kind of work was she doing there, if you know? A. More for company for Mrs. Lynch, because she was an invalid. Q. Didn't she do any work there at all? A. She did a little cooking but no hard work." Claimant testified: "Q. Have you been employed since your accident? A. Well, I wouldn't say that I was employed. I stayed with Mrs. Lynch as kind of a companion, she had had a light stroke, and wasn't able to get around without someone with her. I didn't work. I just simply stayed there with her." In addition, we have the testimony of Dr. Daugherty that: "She was still totally disabled although in my opinion, due to the warmer climate, warmer weather, she was having a little less discharge and, possibly, a little less irritation ...... Q. And does she have any disability as a result of this automobile accident as of the date of your last examination? A. As far as I could tell, no ...... Q. You would still say she was totally disabled? A. Yes."

We are satisfied from a review of the whole record that the claimant was properly classified as totally disabled. There is a fundamental distinction between those persons who are able to do light work in general and those who are so limited in capacity that they are only fitted to perform special service, a class of work not generally available: *Babcock v. Babcock & Wilcox Co. et al.*, 137 Pa. Superior 517, 9 A. 2d 492; *Earley v. Philadelphia & Reading Coal & Iron Co.*, 144 Pa. Superior 301, 19 A. 2d 615. In the instant case, claimant was able to perform only a special class of service. The extent of her work was limited to cooking meals for a family of three and being a companion to an invalid. This class of work would not be generally available. Therefore, an allowance of total disability was warranted: *Consona v. R. T. Coulborn & Co. et al.*, 104 Pa. Superior 170, 158 A. 300; *Nagel v. McDonald Mining Co. et al.*, 150 Pa. Superior 527, 28 A. 2d 805; *Rehm v. Union Col-*

*lieries Co.*, 152 Pa. Superior 461, 33 A. 2d 637.

The cases cited by appellants illustrate situations where the claimant was able to perform light work in general, such as tending bar: *Tomlinson v. Hazle Brook Coal Co.*, 116 Pa. Superior 128, 176 A. 853, or discharging the duties of a justice of the peace: *Earley v. Philadelphia & Reading Coal & Iron Co.*, supra, or working as a janitor and watchman in a warehouse: *Hughes v. H. Kellogg & Sons*, 139 Pa. Superior 580, 13 A. 2d 98. No such situation existed in the instant case, where only a special service was performed. Claimant was confined to the household where she lived. The Lynches provided a home for her, where she could spend most of her time resting. The only work she was called upon to do was some cooking, which under any given set of circumstances she probably would have had to do for herself. As stated by the learned judge of the court below: "The compensation paid would seem to negative any claim that she was pursuing her vocation as a cook, nor is there any evidence to warrant an inference that she was the housekeeper. The Referee found that she was engaged in a special service peculiar to the Lynch household." There is sufficient competent evidence to warrant the finding that "the claimant did some light work of a highly specialized character" as distinguished from light work in general.

The judgment is affirmed.