Barckhoff *v.* Westmoreland Coal Co., Appellant.

Argued April 21, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James Gregg,* with him *Portser, Gregg & McConnell,* for appellant.

*Joseph M. Loughran,* for appellee.

OPINION BY ROSS, J., July 17, 1947:

In this workmen's compensation case, the claimant on June 28, 1941, while in the course of his employment as a motorman in defendant's coal mine, sustained a fractured pelvis. Thereafter he and the defendant entered into an open agreement which provided for compensation for total disability. On June 1, 1944, the defendant filed a petition to terminate, averring "That the disability sustained by the claimant on June 28, 1941, has decreased to such an extent that he is now able as of June 1, 1944, to perform all the duties of the occupation at which he was injured". After an answer denying defendant's averment was filed and a hearing held, the defendant amended its petition to terminate to one for modification of the agreement. The referee found that the claimant's disability had decreased to 65 per cent. partial disability and entered an order modifying the agreement. On appeal, the board found that the claimant's disability had not decreased, concluded as a matter of law that since the claimant is totally disabled he is entitled to receive compensation for total disability, and entered

an order dismissing the defendant's petition. The defendant's appeal to the Court of Common Pleas of Westmoreland County was dismissed, the findings of fact, conclusion of law and order of the Workmen's Compensation Board were affirmed, and the defendant has taken this appeal.

The defendant seeking to modify the compensation agreement and thus change the status created by the parties had the burden of proof (*Manno v. Tri-State Engineering Co.,* 159 Pa. Superior Ct. 267, 48 A. 2d 122) and since the board held that it did not meet that burden, the question is whether the board's findings of fact are consistent with each other and with its conclusion of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Schrock v. Stonycreek Coal Co. et al.,* 152 Pa. Superior Ct. 599, 33 A. 2d 522. As stated by Judge ARNOLD in *Kostello v. Kostello,* 159 Pa. Superior Ct. 194, 48 A. 2d 25, at page 196, "Where the triers of the facts refuse to find facts in favor of the party having the burden of proof, the question on review is not whether competent evidence would sustain such a finding if made, but whether there was a capricious disregard of competent evidence in the refusal so to find: Kline v. Kiehl, 157 Pa. Superior Ct. 392, 43 A. 2d 616."

Dr. Heberling, a witness for the defendant, who had examined the claimant on September 5, 1944, testified: "This man, of course, has considerable disability at this time as the X-rays show evidence of rather disabling fractures, particularly the one involving the transverse process of the 5th lumbar vertebra, extending into the sacroiliac joint. I feel the pelvic fractures are very well healed and he is having very little difficulty with them. I felt he had about fifty per cent. disability at the time of my examination. . . . Q. . . . Do you feel this man should work? A. I think a certain amount of light work would be well . . . The type of work would have to be

selective." Dr. J. M. Best, a witness for the claimant, testified: "Q. From your X-ray examination as well as from your physical examination, together with history of claimant's condition, what in your opinion is the amount of disability that John Barckhoff has? A. I think he is totally disabled for doing most types of work. Q. For general industrial purposes what would you say his disability is? A. Totally disabled for doing heavy work. Q. Is there any kind of light work this man could do, in your opinion? A. He could be a watchman, if he didn't have to do any lifting, bending or stooping— things like that. Q. If this work was not available what would be the disability? A. He would be disabled totally." The medical witnesses agree that the claimant is disabled and it is clear from a reading of their testimony that the claimant is not able to do light work in *general* but only "selective" light work; light work that does not require "lifting", "bending" or "stooping".

In *Babcock v. Babcock & Wilcox Co. et al.,* 137 Pa. Superior Ct. 517, 9 A. 2d 492, this court stated that there is a fundamental distinction "between those who are able to do light work in general and those who are so limited in capacity that they are only fitted to perform special service, a class of work not generally available". It is in the latter class of cases where allowance of total disability is warranted, and it is clear that the claimant's disability brings him within this class. *Consona v. R. T. Coulborn & Co. et al.,* 104 Pa. Superior Ct. 170, 158 A. 300; *Osborn v. Franklin Hospital et al.,* 157 Pa. Superior Ct. 307, 43 A. 2d 579; *Naughton v. Kettl,* 154 Pa. Superior Ct. 318, 35 A. 2d 527. Since the claimant is not able to do light work of a general character, the burden of showing availability of work which he can do was on the defendant (*Jones v. Hazle Brook Coal Co.,* 119 Pa. Superior Ct. 409, 179 A. 783; *Hale v. Susquehanna Collieries Co.,* 126 Pa. Superior Ct. 342, 191 A. 225) and it made no effort to meet that burden.

Judgment affirmed.