## Bartman *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued April 14, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*William A. Challener, Jr.,* with him *Robert H. Strub, A. L. McNaugher* and *Challener & Challener,* for appellant.

*Samuel Krimsly,* for appellee.

OPINION BY HIRT, J., July 23, 1948:

Claimant, a laborer, was injured on September 23, 1942 in the course of his employment with the defendant. An open agreement was entered into providing compensation for total disability. The agreement describes the accident and the nature of the injury thus: "Employe was loading rails on a truck when he slipped causing a strain, resulting in a left inguinal hernia." Claimant submitted to a succession of operations to reduce the hernia, and on December 28, 1942 signed a final receipt. In July 1944 there was a recurrence of the hernia and by a supplemental open agreement the compensation payments for total disability were reinstated. On June 13, 1945, defendant tendered

claimant an operation for correction of the recurred hernia. On November 20, 1945, defendant filed its petition for suspension of compensation payments on the ground that claimant had refused to submit to an operation by which, if performed, his disability would have ceased by November 1, 1945. At the hearing before the referee on the petition, it clearly appeared from the testimony of defendant's doctor who had attended claimant (and who was the only witness produced in the proceedings), that claimant did not refuse defendant's offer but had presented himself at the designated time and place for the operation. An examination at the hospital by the witness indicated that the claimant then had acute bronchitis and for that reason the operation was not performed; he was sent home to return later when his condition improved. Defendant's doctor next saw claimant on March 6, 1946, and from his examination of him then, and again on the day of the hearing, testified that claimant had "a small recurrent hernia in the left inguinal region also has a chronic phlebitis of his left leg and varicose veins of his right leg." The hernia was not reduced after claimant's bronchitis had cleared up notwithstanding his consent, for the reason, stated by this witness, that circulatory changes in both legs from the above conditions made an operation unsafe due to the risk of death from embolism.

In the course of the development of the facts at the hearing, defendant's counsel indicated an intention to change the prayer of its petition to conform with the facts, but the petition was not actually amended. The referee found that claimant had submitted himself for an operation but that the operation was not performed "by defendant's physician due to an acute bronchial condition"; and suspension of the agreement, as prayed for, was refused by the referee for the reason that "from the evidence presented . . .

defendant has not proved the allegations contained in their petition."

On appeal the board treated defendant's petition as amended from an application to suspend, to one for termination of the compensation agreement on the ground that claimant was no longer disabled. The board refused to terminate payments of compensation and the court affirmed the order.

The allegations of fact are the important part of any petition for relief under the Workmen's Compensation Law and the facts should be accurately stated to define the issues and to enable the board to grant the appropriate relief. *Mazzaccaro v. Jermyn-Green Coal Co.*, 154 Pa. Superior Ct. 618, 36 A. 2d 828. Some confusion might have been avoided in this case if the defendant had amended its petition to conform with the facts. Formal defects, however, are not fatal, and if a petitioner, whether a claimant (*Hill v. Booth & Flinn Co.*, 146 Pa. Superior Ct. 575, 23 A. 2d 85) or a defendant (*Mazzaccaro v. Jermyn-Green Coal Co.*, supra) is entitled to relief under any section of the Act, the petition will be regarded as filed under the appropriate section.

The professional qualifications of the defendant's one witness were conceded, but this doctor's testimony was limited in scope and the board indicated in its opinion that it did not accept his conclusions. The total import of his testimony was that the "small recurrent hernia", which claimant suffered and which could not be corrected, was not disabling. The meagre testimony produced by the defendant does not question that claimant *is* still totally disabled and there is no evidence except by possible implication, that the phlebitis in the one leg, or the varicose veins in the other, are disabling in any degree.

The compensation agreement entered into by the parties admitted claimant's total disability from the *hernia*. And the defendant in seeking to terminate or

modify the existing agreement had the burden of proving that claimant's disability from the accident had ended or had been reduced from total to partial. *Manno v. Tri-State Engineering Co.*, 159 Pa. Superior Ct. 267, 48 A. 2d 122. The testimony of defendant's medical witness, though uncontradicted, was not controlling and the board was not obliged to accept it. *Walsh v. Penn Anth. Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51. The board in effect found that the defendant has not sustained the burden of proof that claimant's disability from the accident had ended. The controlling principle has been stated many times and recently in *Kostello v. Kostello,* 159 Pa. Superior Ct. 194, 48 A. 2d 25 : "Where the triers of the facts refuse to find facts in favor of the party having the burden of proof, the question on review is not whether competent evidence would sustain such a finding if made, but whether there was a capricious disregard of competent evidence in the refusal so to find." The board's findings of fact, supplementing those found by the referee, are consistent with each other and with its conclusions of law and with its order and can be sustained without a capricious disregard of competent evidence. We, therefore, are bound by the order. Cf. *Snyder v. Hoffman et al.,* 159 Pa. Superior Ct. 392, 48 A. 2d 78; *Barckhoff v. Westmoreland Coal Co.,* 161 Pa. Superior Ct. 146, 53 A. 2d 872.

We are unable to agree with appellant's contention that, in any view, the case must be remitted to the board for more specific findings. In a proper case where the proofs are that a claimant's total disability is the composite result of a number of *independent* causes, only one of which can be charged to the accident, specific findings may be necessary as to the extent of the disability for which the employer must pay compensation. That situation is not presented by the evidence in this proceeding.

Order affirmed.