Gill *v.* Fives (et al., Appellant).

Argued March 19, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. Webster Jones,* for appellant.

*M. Robert Beckman,* for appellee.

OPINION BY DITHRICH, J., April 15, 1952:

Claimant, a painter, sprained his back and both ankles as the result of an accidental fall which occurred on July 22, 1949. An open agreement was entered into under which compensation was paid until November 14, 1949, the date claimant returned to work. A final

receipt was executed on November 22, 1949. Except for a lay-off of about ten weeks, during which time he received unemployment compensation, claimant worked steadily until June 27, 1950. On July 7, 1950, he petitioned the Workmen's Compensation Board to set aside the final receipt under §434 of The Workmen's Compensation Act, as last amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §1001, for the following reason: "[W]hile I returned to work, I continued to work under great difficulty due to pain in back. Had to stop work on June 27th, 1950, as I could not stand the pain any longer."

The referee's order dismissing the petition was affirmed by the board, which stated in its opinion: "We find no fraud, coercion or mistake of law or fact, under the Workmen's Compensation Act. Since claimant's petition was filed within one year from the date of the final receipt, if disability from the accident had recurred, we could so find and the final receipt would automatically disappear. We find insufficient evidence, however, of any recurrence of disability attributable to the accident. Claimant had an aggravation of his osteoarthritis, but this condition subsided. When his back again pained him, it was due to the heavy work he was doing and not due to the accident."

The court below affirmed the board's findings with respect to the execution of the final receipt but, nevertheless, referred the case back to the board with directions to determine the extent of claimant's disability as of June 27, 1950, and to award compensation as provided by law. This action of the court was predicated on its belief that the board misconstrued claimant's medical testimony and on its resultant conclusion that it could not sustain the findings of the board that the aggravation of claimant's osteoarthritis had subsided and that the recurring pain was due to heavy work and

not due to the accident. The court, after quoting from the testimony of claimant's medical witness, Dr. John W. Lachman, concluded: "We thus have a clear statement that claimant's disability never ceased and that the recurrence of which he complains is in reality an increase of disability due to the heavy work he was doing. His partial disability at least remains . . ."

Although the petition requested relief only under §434 of the Act, it was not improper for the board and the court below to consider it as requesting relief under the second paragraph of §413[1] of the Act, 77 PS §772[2]. We are, however, of one mind that it was error for the court below to reverse the board's decision that the evidence did not warrant the granting of relief under that paragraph.

In a proceeding to reinstate compensation under paragraph 2 of §413 the degree of proof required to overthrow the effect of a final receipt is the same as that required in a proceeding under §434. The burden is on the claimant to prove his case by precise and credible evidence which must be of a more definite and specific nature than that upon which initial compensation is based: *Eberst v. Sears Roebuck & Co.*, 334 Pa. 505, 510, 511, 6 A. 2d 577. In the instant case, as the learned judge below correctly pointed out, "The

---

[1] *Smith v. Union Collieries Co.*, 155 Pa. Superior Ct. 389, 38 A. 2d 407; *Kissel v. Harbison-Walker Refractories Co.*, 157 Pa. Superior Ct. 37, 41 A. 2d 434; *Harrison v. Alden Park Manor Apts.*, 160 Pa. Superior Ct. 388, 51 A. 2d 418; *Bartman v. Jones & Laughlin Steel Corp.*, 163 Pa. Superior Ct. 31, 60 A. 2d 565.

[2] This paragraph provides, inter alia: "The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed."

only matter at issue before the Board . . . was the causal connection between the 1949 injury and the present disability." This issue, a factual one, was determined by the fact-finding agency adversely to the claimant, who had the burden of proof.

The applicable rule was well stated by President Judge KELLER in *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51, quoted recently in *Sulewski v. Baldwin Locomotive Works*, 168 Pa. Superior Ct. 346, 77 A. 2d 715, viz.: "Where the decision of the board is against the party having the burden of proof—in this case, the claimant—bearing in mind that a trier of fact is not *required* to accept even uncontradicted testimony as true (District of Columbia's Appeal, 343 Pa. 65, 79, 21 A. 2d 883, 890) the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative, the order must be affirmed." Or as stated in *Bartman v. Jones & Laughlin Steel Corp.*, 163 Pa. Superior Ct. 31, 35, 60 A. 2d 565: " 'Where the triers of the facts refuse to find facts in favor of the party having the burden of proof, the question on review is not whether competent evidence would sustain such a finding if made, but whether there was a capricious disregard of competent evidence in the refusal so to find.' "

On direct examination Dr. Lachman testified that claimant first came under his care on July 23, 1949; that with respect to the back injury there was an x-ray diagnosis of osteoarthritis; that the back wasn't painful until after the fall; that the injury to the back was the result of the accident; that the nature of the pain complained of was an aggravation of osteoarthritis; that his last examination was made September 25,

1950, at which time he found limitation of the dorsal and lumbar spine consistent with the x-ray appearance of osteoarthritis; that since the accident claimant has been in more or less constant pain; and that from the date of the fall until the present time "he was disabled . . . from heavy work—from the type of work required of a painter."

On cross-examination the witness stated: ". . . Mr. Gill had a rather severe osteoarthritis of his spine. Now all patients with osteoarthritis don't have pain . . . I think the osteoarthritis was there but the fall started it to be painful and I don't think it would have been painful although I can't say that I don't think it would have been painful without some type of accident. . . . The pain of osteoarthritic spine aggravated by injury will subside if the patient is kept immobilized for a sufficient . . . period of time, if the back is held still and if the patient doesn't have too heavy work to reaggravate the osteoarthritis." The following also appears in the record of his testimony: "Q. Do you think this work he did between April and June of this year was the causative factor of the pain during that period of time? A. He hadn't been doing heavy work for some time then he went back and did fairly heavy work and when he did that the back began to hurt quite a bit again. Q. Was it going back to work that made the back hurt? A. It was the heavy work he was doing that made his back hurt, yes, sir."

Our reading of the record discloses no arbitrary and capricious disregard of competent evidence and in reversing the order of the court below we reiterate that a court does not have the right to substitute its findings for those of the board; its only function is to decide matters of law. "[U]nder our system the board must be left free to make its own findings of fact and the courts have no right to tell them how they should

570

exercise that function": *Roberts v. John Wanamaker*, 151 Pa. Superior Ct. 297, 302, 30 A. 2d 189.

Order reversed and the order of the Workmen's Compensation Board is reinstated.