## Muenz, Appellant, *v.* Kelso Beach Improvement Association.

Submitted April 9, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Paul A. Stephany,* for appellant.

*John E. Britton* and *Gifford, Graham, MacDonald & Illig,* for appellee.

Opinion by Rhodes, P. J., July 17, 1956:

This is a workmen's compensation case in which the controverted question is whether claimant's total disability changed to partial.

On July 17, 1952, claimant sustained an accidental injury in the course of his employment with defendant. He was employed as a guard, and his duty was to collect a fee from motorists entering defendant's premises which were operated as a resort on Lake Erie. In attempting to avoid a starting vehicle, upon which he had placed the required toll ticket, he was injured. An open compensation agreement for total disability was entered into between defendant and claimant, and approved. Claimant was paid compensation for total disability from July 25, 1952, to January 2, 1953, when payments were discontinued by defendant. Thereafter, on April 17, 1953, defendant filed a petition for modification of the compensation agreement, alleging that claimant's disability had changed from total to partial.

At the hearing before a referee the president of the defendant association and a medical witness called by it testified. Claimant presented no evidence. The referee found that claimant's disability had changed from total to 25 per cent partial on October 19, 1952. He granted defendant's petition for modification and allowed a credit to defendant for the payments made from October 19, 1952, to January 2, 1953.

On appeal by claimant the Workmen's Compensation Board set aside the referee's fourth and fifth findings of fact, made new findings, sustained claimant's appeal, and dismissed defendant's petition to modify. Defendant then appealed to the Court of Common Pleas of Erie County which reversed the order of the board and remanded the case for reinstatement of the

referee's findings except as they provided for credit for prior payments which credit the court disallowed. On reargument the court affirmed its original opinion. Claimant has appealed to this Court from the order of the court below.

The burden of proof was on defendant which was seeking modification of the compensation agreement; and it was obliged to establish in the first instance that the disability of claimant had changed from total to partial, and the extent of that change. *Barckhoff v. Westmoreland Coal Co.*, 161 Pa. Superior Ct. 146, 148, 53 A. 2d 872. Since, according to the board, defendant had not met this burden, the question arises whether the board's findings of fact are consistent with each other, with its conclusions of law, and with its order, and whether there was a capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51.

We find no complaint as to the consistency of the findings and conclusion of the board. Rather, the arguments relate to the weight to be given to, and the interpretation to be made of, the medical testimony concerning the alleged change in the extent of claimant's disability.

The disposition of this appeal depends on the testimony of Dr. Lloyd R. Bashaw, defendant's medical witness and the only medical witness who testified. Our examination of his testimony convinces us that the board acted within its province as the final fact-finder and that it did not act capriciously.

Dr. Bashaw testified that he examined claimant and began treatment five days after the accident. His examination disclosed that there was a "complete fracture through the chest of the 11th rib on the left side, with the separation of approximately ¼ inches between the main chest and the distal fragment." Claim-

ant received about 28 treatments from this doctor to the date of the hearing on May 26, 1953. He was x-rayed on April 30, 1953, and it appeared that the fracture had begun its early healing formation of soft callus material. It was the doctor's opinion that claimant had completely recovered for purposes of special or selective light work, but that he was still totally disabled for heavy work or work requiring bending, stooping, lifting, or twisting.[1] As a matter of fact, the parties entered into a stipulation to this effect which is in the record.[2]

The extent to which claimant could perform general light work was in dispute, and the solution is not entirely clear from the evidence. On a number of occasions Dr. Bashaw stated that in his opinion claimant's disability in this respect was only 25 per cent. When questioned in detail as to the basis of his estimate the doctor became confused and uncertain; in fact, he requested that he not be asked to select the kind of light work which claimant could perform. It finally became apparent that in fixing the amount of disability for general light work the doctor's testimony was wholly inconsistent.[3] In answer to specific ques-

---

[1] In this respect Dr. Bashaw testified in part:

". . . Mr. Muenz's general physical structure is such that bending will cause an increased pressure under the rib that is fractured and would cause him pain. Lifting or stooping for any length of time, or just a short down and up in the bending position, would, I am afraid, cause him pain in that lower rib."

[2] "It is stipulated by and between counsel for the claimant and counsel for the employer that if questioned, the doctor who has heretofore testified, would state that this claimant is 100 per cent capable of performing selected light work, but that if he were re quired to perform any work requiring lifting, bending and analogous duties he would be 100 per cent disabled."

[3] In fixing claimant's disability of 25 per cent to perform general light work, the doctor considered claimant able to perform

tions he stated the claimant probably could perform the duties of a guard, night watchman, clerk or other sedentary jobs which would not involve the painful body movements. Counsel for defendant asked, and the doctor answered, a hypothetical question concerning the ability of the claimant to perform his prior duties as patrolman and toll collector. The hypothetical question and the doctor's answer clearly indicated that claimant could perform his prior work only if the conditions were ideal from the standpoint of comfort, if extremely little exercise were involved, and if a place were provided for claimant to sit and rest between tolls. The doctor was certain that claimant could no longer clean ditches for drainage, which he had apparently been doing in the past.

The board, not the referee, is the final fact-finder in workmen's compensation cases. *Hudek v. United Engineering and Foundry Co.*, 152 Pa. Superior Ct. 493, 497, 33 A. 2d 41. As this proceeding involves a petition for modification of an existing compensation agreement, the extent of claimant's injury, his ability to work, and whether the disability has changed are factual matters for the board to determine if necessary. *Zuro v. McClintic Marshall Co.*, 129 Pa. Superior Ct. 143, 147, 195 A. 160. In considering the evidence offered by the parties, the board may accept or reject in whole or in part the testimony of any witness. *Kline v. Kiehl*, 157 Pa. Superior Ct. 392, 396, 43 A. 2d 616. Moreover, the testimony of a medical witness need not be accepted by the board even though it is uncontradicted. *Bartman v. Jones & Laughlin Steel Corporation*, 163 Pa. Superior Ct. 31, 35, 60 A. 2d 565.

---

such work although requiring bending and lifting; but it was admitted that to perform work requiring bending and lifting claimant was totally disabled.

In the instant case the board accepted in part and rejected in part the testimony of Dr. Bashaw and made the following material findings of fact:

"4. The evidence submitted by defendant shows that the claimant was not able to do light work in general, but only selective light work that would not require lifting or bending.

"5. There was no evidence of availability to the claimant of special light work."

Obviously, the only portion of the doctor's testimony which was rejected was his opinion on the percentage of disability as it related to general light work. We think, under the circumstances, that the board acted well within its power in so appraising this testimony. *Rohner v. Fox Products,* 164 Pa. Superior Ct. 610, 614, 67 A. 2d 605. The opinion of a medical expert as to the extent of a claimant's disability, though often helpful, need not be accepted when it is based upon such uncertainty and confusion as is apparent in the testimony of defendant's medical witness. Opinion evidence is admittedly among the least reliable of all the forms of evidence. *Blue Mountain Telephone & Telegraph Co. v. Pennsylvania Public Utility Commission,* 165 Pa. Superior Ct. 320, 326, 67 A. 2d 441. Therefore it was within the province of the board to reject this opinion of Dr. Bashaw and at the same time accept the facts which his testimony established. "Obviously, since the Board could have completely disregarded the . . . expert medical testimony, . . . it could have accepted the *facts* testified to by this expert . . . without accepting his *opinion* . . ." *Schaefer v. Central News Co.,* 179 Pa. Superior Ct. 559, 562, 118 A. 2d 268, 270. Factually, the testimony of Dr. Bashaw indicates that claimant could not perform work involving bending, stooping, lifting, or twisting. This, to-

gether with the admitted fact that claimant could perform selective light work but not heavy work, sufficiently substantiates the conclusion that no material improvement had been shown in claimant's condition. In *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 13, 104 A. 2d 104, 107, it was said: "Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort (employment plums that do not often dangle from the tree of everyday economics) the burden is on the defendant-employer to show that such a job is in fact within reach. If proof of that fact is not presented, the claimant then is entitled to a finding of total disability." See, also, *Babcock v. Babcock & Wilcox Co.*, 137 Pa. Superior Ct. 517, 523, 9 A. 2d 492. Cf. *Sorby v. Three Rivers Motors,* 178 Pa. Superior Ct. 187, 191, 114 A. 2d 347.

In *Barckhoff v. Westmoreland Coal Co.*, supra, 161 Pa. Superior Ct. 146, 149, 53 A. 2d 872, 873, the disability of the claimant was essentially the same as that of claimant in the instant case—he could perform "only 'selective' light work; light work that does not require 'lifting,' 'bending' or 'stooping.' " We there upheld the finding of continued total disability, as we do here in effect.

The decision of the board was justified on this record; and it was reached in a proper manner. In concluding that defendant had not met its evidentiary burden, the board weighed the opinion of Dr. Bashaw against the established physical facts and found his opinion to be uncertain and unacceptable. The only other evidence of the extent of claimant's disability was the stipulation and the factual description of the injury as given by the doctor. These were insufficient to establish any material change in the extent of claim-

ant's disability. No adequate reason appears for disturbing the board's determination. It was not only error for the court below to do so, but it was error for that court to do so by independently weighing the evidence and substituting its judgment as a fact-finder for that of the board. *Hudek v. United Engineering and Foundry Co.,* supra, 152 Pa. Superior Ct. 493, 497, 33 A. 2d 41.

The order of the court below is reversed, and the order of the Workmen's Compensation Board is reinstated.