Fox *v.* American News Company et al.,
Appellants.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James F. Manley,* with him *James J. Burns, Jr.,* for appellants.

*Henry R. Beeson,* with him *Higbee, Lewellyn & Beeson,* for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

In this workmen's compensation case, the lower court affirmed the decision of the Workmen's Compensation Board which affirmed the findings of fact and conclusion of law of the referee and dismissed the appeal. The facts are not in serious dispute.

The claimant, Phillip W. Fox, was an employe of The American News Company, one of the appellants, as a clerk. On December 31, 1956, while loading a charge table with magazines, he was overcome by carbon monoxide gas which resulted in serious carbon monoxide poisoning. The parties subsequently entered into a compensation agreement, filed of record, under which claimant was paid compensation for a total disability at the rate of $28.00 per week from January 7,

1957 until May 6, 1957. On April 8, 1957, claimant attempted to return to work and did work for a period of three days, but because of recurring pains in the chest and continuous headaches, he could not continue. On July 17, 1957, appellants filed a termination petition, alleging that the disability of the claimant had ceased on April 8, 1957, when he returned to work. An answer was filed in which the allegation was denied, and the matter was called for hearing on October 29, 1957. The only evidence produced at that hearing for and on behalf of appellants, was the testimony of Dr. D. J. Carpenter, a general practitioner, who testified that he first examined the claimant January 9, 1957, at which time he was of the opinion that the disability as a result of carbon monoxide poisoning had primarily or basically terminated. Thereafter, approximately once a month from February through April, 1957, he examined the claimant and continued to receive the same complaints. The doctor could not find evidence of continuing disability which an examination of claimant would disclose.

Based on this testimony of the doctor, the referee found that claimant's disability had in fact not ceased and dismissed the petition to terminate. The board, on appeal, affirmed the referee, and the court below affirmed the board.

Since the decision of the board in the instant case was against the party having the burden of proof, the question before us on appeal is whether the board's findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of the competent evidence. *Rodgers v. Methodist Episcopal Hospital,* 188 Pa. Superior Ct. 16, 145 A. 2d 893; *Zilek v. C. C. Coal Company,* 186 Pa. Superior Ct. 628, 142 A. 2d 507; *Irvin v. Plymouth Meeting Rubber Division Linear,* 182 Pa. Superior Ct.

280, 126 A. 2d 491; *Silvers v. Philco Corp.*, 175 Pa. Superior Ct. 246, 103 A. 2d 286. Since the only evidence produced by appellants was that of Dr. Carpenter, they must stand or fall on that evidence. That evidence discloses nowhere that it was necessary for the primary and basic effects of carbon monoxide to remain in order for the claimant to be totally disabled. The doctor admitted that his only means of determining whether the claimant's condition continued was by his subjective complaints. He stated that carbon monoxide poisoning affects the hemoglobin but that he did not test the hemoglobin. He further admitted that such poisoning can affect the brain and the heart but that, while an electrocardiogram was taken, a routine examination of the heart disclosed a normal condition. Finally, the doctor testified as follows:

"Q. Doctor Carpenter, you are unable to state then whether the pain which Mr. Fox described to you as being experienced by him in his head was the result of the acute carbon monoxide poisoning or not? A. I am unable to give a definite yes or no answer to that."

Appellants complain that there was no legally competent evidence to sustain the finding that claimant was totally disabled and would continue to be so disabled. However, appellants overlook the fact that compensation for total disability was agreed to by them and that payments on that basis were made from January 7, 1957 to May 6, 1957. Total disability is presumed to continue unless and until competent examination and testimony discloses otherwise. The burden of proving that claimant's disability had ceased altogether or had become partial was upon the employer. *Muenz v. Kelso Beach Improvement Association*, 181 Pa. Superior Ct. 105, 124 A. 2d 153; *Barckhoff v. Westmoreland Coal Co.*, 161 Pa. Superior Ct. 146, 53 A. 2d 872. We agree with the court below that this burden

has not been sustained by unequivocal testimony and we, therefore, cannot say that the findings and conclusion of the board were made with a capricious disregard of the evidence.

The order of the court below is affirmed.