## Downing *v.* Leechburg Mining Company, Appellant.

Argued April 10, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,* for appellant.

*Joseph M. Loughran,* for appellee,

576

OPINION BY WATKINS, J., June 15, 1961:

This is an appeal in a workmen's compensation case from the action of the Court of Common Pleas of Westmoreland County, in reversing the decision of the Workmen's Compensation Board and entering judgment in favor of Peter Downing, the claimant-appellee, and against the appellants, the employer, Leechburg Mining Company and its insurer, the Old Republic Insurance Company.

The claimant, Peter Downing, 58 years of age, was injured in an accident, while in the course of his employment as a coal cutter for the Leechburg Mining Company on September 12, 1955. He caught his right hand and arm in a coal cutting machine, causing serious injuries to his fingers, hand, wrist and arm. He received a comminuted fracture of the distal end of the radius of the right arm and also a fracture of the right ulna. As a result of these accidental injuries, on March 24, 1956, his right little finger and ring finger were amputated.

An open agreement was executed by the claimant and his employer providing for payment of compensation on a total disability basis at the rate of $32.50 upon average weekly earnings of $102.90. Payments under this agreement were made from September 20, 1955 to and including May 21, 1956, for a total of 35 weeks in a total amount of $1137.50.

On April 3, 1956, the claimant returned to work as a greaser and on July 5, 1957, the employer filed a petition to terminate the agreement, alleging that disability ceased on May 22, 1956. The claimant's answer denied that disability had ceased and further claimed the industrial loss of the use of the injured hand. The referee determined that the claimant had suffered the permanent loss of the use of the right hand and entered the following order. "The defendant is hereby directed to pay compensation to the claimant for loss of use of

right hand for 175 weeks, at the rate of $32.50 per week, commencing September 20, 1955 and continuing until the claimant shall have received the sum of $5,687.50. Further, the defendant is directed to take credit for compensation payments heretofore paid in the amount of $1,137.50."

On appeal, the Workmen's Compensation Board reversed the award of the referee terminating all compensation payments as of March 22, 1956. The Board did this by setting aside the referee's sixth finding of fact which reads as follows: "SIXTH: That after careful consideration of all the testimony in this case and after a personal examination of claimant's right hand, your Referee is of the opinion and finds as a fact that claimant suffers a permanent loss of the use of the right hand, and, also, has a very considerable overall disability of the body as a whole although at the present time it is not interfering with his earning capacity for the reason that the employer has furnished him with another form of employment that he can perform"; and substituted in its stead, the board's sixth finding of fact reading as follows: "Sixth: That the claimant has suffered considerable disability to his right hand, but has not lost the use of his right hand for all practical intents and purposes." It then entered the following order: "The defendant's petition to terminate is granted and confirmed. The appeal of the defendant is sustained."

The court below sustained the appeal of the claimant, reversed the Workmen's Compensation Board, reinstated the referee's findings of fact, conclusions of law and award, and directed judgment to be entered for the claimant.

An employer who seeks to terminate and modify an existing agreement providing compensation for total disability has the burden of proving that claimant's disability from the accident has ended or has been re-

duced from total to partial disability. *Bartman v. Jones & Laughlin*, 163 Pa. Superior Ct. 31, 60 A. 2d 565 (1948). In this case the employer attempted to sustain this burden by showing that the claimant had returned to work without loss of earning power and presented medical testimony that he suffered a functional disability of 50% of the right hand and 25% overall disability to the body as a whole.

So far as this appeal is concerned, we are treating it as if the burden of proof under this petition and answer was on the employer. However, it could be well argued that the portion of the answer, which averred the specific loss of the industrial use of the hand, may have been an attempt on the part of the claimant to modify the agreement and thus shift the burden of proof, as far as that contention was concerned, to him.

Although the referee, by his sixth finding of fact, indicates that the burden was not sustained and the claimant had lost the industrial use of the hand, it must be remembered that he is only the agent of the board and the board is the ultimate arbiter of the facts in workmen's compensation cases. "We have also repeatedly held that the referee is only the agent or representative of the Board and that the Board may disregard his findings and establish its own." *Anetakis v. Salvation Army*, 191 Pa. Superior Ct. 268, 271, 156 A. 2d 590 (1959). "The court below had no power to set aside the findings of fact of the board and reinstate the prior findings and award of a referee which had been reversed and set aside by the board. . . . When the board reverses or sets aside a finding of fact of a referee, that finding is thereafter of no force and effect whatever." *Hudek v. United Eng. & Fdy. Co.*, 152 Pa. Superior Ct. 493, 497, 33 A. 2d 41 (1943).

We have also repeatedly held that the findings of the Workmen's Compensation Board, on appeal, are binding on the reviewing court if supported by compe-

tent evidence. If the board's conclusion that the party having the burden of proof, in this case, the employer, has sustained its burden the authority of the court is limited to a determination whether there is substantial competent evidence to sustain the decision of the board. Where the proceedings, as here, involve a petition for termination or modification of an existing agreement, the extent of claimant's injury, his ability to work, and whether the disability has changed, are factual matters for the board to determine. *Muenz v. Kelso Beach Imp. Ass'n.,* 181 Pa. Superior Ct. 105, 124 A. 2d 153 (1956).

The medical testimony was summed up in the fifth finding of fact: "Fifth: That Doctor Paul Caplan, a specialist in arthritis and rheumatic diseases, was called by claimant and was of the opinion that claimant has lost eighty per cent of function of the right hand and suffers a fifty per cent overall disability for work as a laborer, which disability is permanent. Doctor L. D. Rugh of Tarentum, Pennsylvania, was called by the defendant and testified that claimant suffers a fifty per cent functional disability of the right hand and a twenty-five per cent overall disability to the body as a whole."

"The credibility of expert witnesses and the weight to be attached to their testimony are matters exclusively for the board and in a conflict of medical opinion, it is for the board to decide which conclusion it will adopt." *Gasior v. Pittsburgh,* 188 Pa. Superior Ct. 371, 146 A. 2d 320 (1958). "The board may accept or reject, in whole or in part, the testimony of any witness; and the credibility and the weight of testimony of one who qualifies as an expert are not reviewable as a matter of law." *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 43 A. 2d 616 (1945). "It is within the province of the compensation authorities to evaluate the testimony. Where the inferences drawn by them from the

evidence are reasonable and logical, it is immaterial on appeal that other inferences might have been drawn." *Susman v. Kaufmann's Dept. Store,* 182 Pa. Superior Ct. 467, 128 A. 2d 173 (1956).

There was sufficient evidence in this record to support the sixth finding of fact of the board that this claimant had not lost the industrial use of his right hand. This conclusion could not be disturbed by the court below; nor could the court below reinstate the finding of the referee; nor could the court below substitute its own finding for that of the fact finding authorities. However, neither the referee nor the board disposed of the question as to whether or not any partial disability continued in the face of the testimony of both the claimant's doctor, who testified to an overall disability of 50%, and the employer's doctor, who testified to an overall disability of 25%.

We, therefore, reverse the court below, remanding the record to the court for the purpose of returning it to the Workmen's Compensation Board to determine whether or not any partial disability still exists, and to enter an appropriate order.

Judgment reversed and record remanded.