Lackman v. F. W. Woolworth Company et al., Appellants.

Argued December 15, 1964. Before WRIGHT, WOOD-SIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., and ERVIN, J., absent).

*Joseph J. Murphy,* with him *Murphy & Senesky,* for appellants.

*Charles F. Quinn,* with him *Sheer, McDevitt & Mazzocone,* for appellee.

OPINION BY WATKINS, J., March 18, 1965:

This is an appeal in a workmen's compensation case from the judgment of the Court of Common Pleas No. 3 of Philadelphia County, in favor of the claimant-appellee, Anna M. Lackman, and against F. W. Woolworth Company and Travelers Insurance Company, defendants-appellants, for compensation benefits, entered on an order affirming the opinion of the Workmen's Compensation Board dismissing a petition to terminate.

The claimant was accidentally injured on April 27, 1960 in the course of her employment as a saleslady for the defendant, F. W. Woolworth Company. The parties executed an open compensation agreement which provided for compensation for total disability at the rate of $28.17 per week beginning May 5, 1960. The agreement described the accident and injury as follows: "Coming back on floor from stock room and slipped on floor going around department of baby goods counter. Fell on right thigh and buttocks and was badly bruised. Hematoma right hip and sciatica neuritis."

Compensation was paid under the agreement to October 3, 1960. The defendant filed a petition to terminate on January 9, 1961 alleging that all disability had ceased on or before October 3, 1960. After hearing, the referee dismissed the petition and continued

compensation for total disability. The defendant appealed and the Board remanded the case to the referee for an examination of the claimant by an impartial physician. The referee, after another hearing, at which time the testimony of the impartial physician was taken, again found the claimant to be totally disabled and dismissed the petition. The board, on appeal, affirmed the referee.

The question raised by this appeal is simply whether under the law, the record of the case supports the determination of the Workmen's Compensation Board that the claimant is totally disabled. As the employer, by the execution of the open agreement, acknowledged that the claimant was totally disabled, it is the burden of the employer to prove by unequivocal testimony that the permanent disability has in fact terminated. "Total disability is presumed to continue unless and until competent examination and testimony discloses otherwise. The burden of proving that claimant's disability had ceased altogether or had become partial was upon the employer." *Fox v. American News Co.*, 190 Pa. Superior Ct. 74, 77, 151 A. 2d 670 (1959). See also: *Fehr v. Y.M.C.A., Pottsville*, 201 Pa. Superior Ct. 107, 192 A. 2d 143 (1963). Since the board determined that the employer failed to meet this burden, the question then arises whether the board's findings of fact are consistent with each other, with its conclusions of law and with its order, and whether there was a capricious disregard of the competent evidence. *Muenz v. Kelso Beach Imp. Ass'n*, 181 Pa. Superior Ct. 105, 124 A. 2d 153 (1956).

"This Court has held that the term total disability in a workmen's compensation case means a total loss of earning power, and that the determination of that fact requires a consideration of economical as well as physical findings. Such factors as the appellee's mental outlook, his industrial background, his age, his

education, the occupation, if any, he could perform where his particular physical impairment would not be a total bar, and whether such work exists, are to be considered." *Cunningham v. Guerrina,* 188 Pa. Superior Ct. 288, 291, 146 A. 2d 318 (1958). If it is shown that the claimant can only handle ". . . a specially-created job, one light of effort and responsibility but laden with rest and comfort . . . the burden is on the defendant-employer to show that such a job is in fact within reach." *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 13, 104 A. 2d 104 (1954).

The extent of physical disability is a complex factual matter dependent upon many variables and the determination of this question is within the province of the compensation authorities: *Finch v. Jones & Laughlin S. Corp.,* 198 Pa. Superior Ct. 389, 181 A. 2d 706 (1962); *Symons, Jr. v. Nat. Elec. Prod., Inc.,* 414 Pa. 505, 200 A. 2d 871 (1964); as is also the question of the credibility of witnesses and the weight of their testimony: *Lind v. Argo Lamp Co.,* 198 Pa. Superior Ct. 247, 181 A. 2d 726 (1962). The credibility of medical witnesses and the weight of their testimony are matters finally and exclusively for the board. *Kish v. Steele Coal Co.,* 185 Pa. Superior Ct. 257, 137 A. 2d 855 (1958). The claimant having succeeded below is entitled to have the evidence viewed in the light most favorable to her. *Ferlazzo v. Harbison-Walker R. Co.,* 200 Pa. Superior Ct. 390, 189 A. 2d 189 (1963).

The record shows the claimant is a heavy thirty-four year old woman. She has been married for more than fifteen years and has one son, fourteen. She worked as a saleslady for F. W. Woolworth Company five days a week, seven and one-half to eight hours daily, except Friday, when she worked twelve hours. She was so employed for one and one-half years. She had never had any health problems prior to the accident except an occasional cold. She didn't work prior

to this employment since before her marriage when she worked as a saleslady for two years. She had one year high school education and studied for two years at Macallott Commercial School. She never did commercial work of any kind since her training and has had no commercial experience. Her husband is a mechanic. On the advice of her physician she has worn a back brace since shortly after the accident up until the present time. She complains of pain, especially when bending, turning and walking.

The board's opinion discloses a careful analysis of the medical testimony. Although Dr. Harvey W. Weldon, a witness for the defendants, indicated that it was his opinion that she could return to work and attempt to do her usual job, he did feel that a myelogram was indicated "to see if it showed a protrusion of the disc." He further testified: "Well, on the basis of Dr. Krause's examination, I would certainly say at this time a myelogram is indicated." Dr. Harvey Shubin, the claimant's treating physician, advised her to obtain a sacroiliac belt, which she wears up to the present time and testified that she had a hematoma and bruises extending up her back. He also testified that he felt she suffered from sciatica neuritis which "follows such an injury and is always secondary to disc disease or some bone trauma." It was his belief that she was totally disabled, that she should be in a hospital and "she should have traction, should have physical therapy for one or two weeks. If she still has the pain, then a myelogram should be done and anticipated surgery." He referred her to an orthopedic surgeon, Dr. Jacob Krause. Dr. Krause's diagnosis was herniation of the 5th lumbar intervertebral disc, resulting from the accident. He said the claimant was totally disabled for any sustained effort requiring bending, squatting or stooping, or prolonged standing, and that she would require a tailor-made job. He predicted she

would require surgical intervention for relief. Dr. Irvin Stein, an orthopedic surgeon called by the defendants, disagreed with this diagnosis.

Dr. Francis J. Bonner, an orthopedic surgeon, testified as an impartial medical witness at the remand hearing, that there was a causal connection between trauma and disability and that the disability would be more or less permanent without medical or surgical intervention. He also testified that this woman could not perform work which required lifting, stooping, bending or prolonged standing. The claimant testified that her greatest pain came in bending, changing positions and walking.

From this record the board was clearly justified in its findings and conclusions that total disability continued and that the defendants failed to sustain their burden. The description of her limitation of movement and her continuous pain does indicate that the work she might be able to do would be the tailor-made type which would fall within the description contained in the *Unora* case, supra, "a specially-created job, one light of effort and responsibility but laden with rest and comfort". *Cohen v. Doubleday & Co., Inc.*, 191 Pa. Superior Ct. 106, 155 A. 2d 378 (1959). There was no offer of such work or information concerning the existence of such a job in this record. Assuming for the sake of argument, that she could steadily perform work that would rise above the nondescript definition, it is difficult to find the employer who would gamble with the services of a woman so restricted in movement and in almost continuous pain.

We agree with the court below: "Our independent review of the entire record in light of the law as above set forth with emphasis on all the medical testimony as well as a consideration of the claimant's education, background and related facts leads us to conclude that

the board did not capriciously disregard the competent evidence in arriving at its decision."

Judgment affirmed.

ERVIN, P. J., took no part in the consideration or decision of this case.