680 F.2d 962
 FEDERAL INSURANCE COMPANY,
v.
Anthony AREIAS, Karl Bonsted, Gail Brown, Edith Burns,
Annabella Connolly, Robert Davis, Leonard DeCurtis, Albert
DiPierro, Cody East, Nicholas Esposito, Helen Finkbinder,
Daniel Giordano, Regina Hart, Paul Hasson, Minnie Isaacson,
Genevieve Jurkowski, Myer Katsiff, Veronica M. Foglia,
Executrix of the Estate of Mary Killeen, Dec'd., Francis
LeMay, John Matz, Andrew Micali, Julius Parker, Laureen
Passaro, Anthony Polites, Elaine Purcell, Robert Riggin,
William Roberts, Marie Santora k/n/a Czarnicka, Robert
Schepis, Margaret Stankiewicz, Francis Strouse, Jack
Summers, Florence Thompson, Frank Vellucci, Rose
Westenberger, Jack Zane, J. J. Jaskolski, L. Camille and C.
John Urling, Director, Bureau of Occupational Injury and
Disease Compensation, Department of Labor and Industry, An
agency of the Commonwealth of Pennsylvania.
 Nos. 81-2211, 81-2213.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) May 28, 1982.
Decided June 16, 1982.
 
 Edward Blumstein, Anthony T. Vanore, Blumstein, Block & Vanore, Philadelphia, Pa., for Katsiff.
 Robert Schepis, appellant pro se.
 Joseph F. Mulcahy, Jr., Chester, Pa., for Polites.
 Peter C. Paul, Rawle & Henderson, Philadelphia, Pa., for Federal Ins. Co.
 James F. Proud, Gibbons, Buckley, Smith, Palmer & Proud, Media, Pa., for Jurkowski.
 David Gates, Bucks County Legal Aid Society, Bristol, Pa., for Parker.
 Robert J. McDonnell, McDonnell & McDonnell, P.A., Drexel Hill, Pa., for Hasson.
 Jack A. Zane, appellee pro se.
 Morris H. Zuber, Gorberg & Zuber, Philadelphia, Pa., for Thompson.
 W. Donald Sparks, Eckell, Sparks, Auerbach & Monte, Media, Pa., for Connolly and East.
 Before SEITZ, Chief Judge, and SLOVITER and BECKER, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 Myer Katsiff and Robert Schepis appeal from the district court's order denying their claims to an interpleaded fund. This court has jurisdiction under 28 U.S.C. § 1291 (1976).
 
 
 2
 Katsiff and Schepis are former employees of Penn Fruit Company. Because of work-related injuries, Katsiff has not worked since 1972, and Schepis since 1967. Each executed an agreement with Penn Fruit recognizing Penn Fruit's responsibility for his injury under the Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann. tit. 77. Penn Fruit made monthly payments, as provided for by the compensation agreements, to both Katsiff and Schepis, among others, until 1976, at which time Penn Fruit was the subject of bankruptcy proceedings in the Bankruptcy Court for the Eastern District of Pennsylvania.
 
 
 3
 Penn Fruit was a self-insurer for its obligations under the Workmen's Compensation Act. Federal Insurance Company was surety for Penn Fruit in the amount of $350,000. When Penn Fruit stopped making workmen's compensation payments in 1976, the Pennsylvania Bureau of Workmen's Compensation requested Federal to begin making the payments. Federal complied with the request, and had paid out over $100,000 when it brought this interpleader action against thirty-nine parties under 28 U.S.C. § 1335 (1976). The district court had jurisdiction because of diversity of citizenship.
 
 
 4
 The case was assigned to a magistrate to determine each claimant's share of the interpleaded fund. Because the fund was insufficient to pay all the claims, the magistrate decided "to do what seems basically fair in an expeditious way." The magistrate first determined whether each claimant continued to be disabled. He disallowed "some on-going claims for which no or inadequate current medical evidence supporting a finding of continuing disability was submitted." The magistrate then reduced each allowed claim to a sum approximating its present value as of November 1, 1977. Because the total of the present values exceeded the fund, each claimant was awarded a pro rata share of the fund.
 
 
 5
 The magistrate recommended denial of Katsiff's claim because there was little current medical evidence introduced to support it. No current medical evidence was introduced on behalf of Schepis. After Katsiff and Schepis objected to the preliminary report of the magistrate, he gave them an additional opportunity to prove their claims, which they did not do. The district court, without opinion, rejected their objections to the magistrate's final report, and adopted his recommendations. Katsiff and Schepis appeal.
 
 
 6
 Under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), state law determines the rights of the rival claimants to the interpleaded fund. See Davis v. Aetna Life Insurance Co., 279 F.2d 304, 307 (9th Cir. 1960); Metropolitan Life Insurance Co. v. McCall, 509 F.Supp. 439, 441 (W.D.Pa.1981). Katsiff and Schepis argue that under Pennsylvania law they do not have the burden of proving continuing disability in order to establish the validity of their claims. They argue that proof of a valid compensation agreement is sufficient to entitle them to a share of the interpleaded fund, at least in the absence of evidence that would prove they are no longer disabled. Although there are no Pennsylvania decisions squarely on point, we believe that there is merit to their argument.
 
 
 7
 It appears that no party can seek to terminate workmen's compensation benefits except by the filing of a petition for termination before the Workmen's Compensation Board. Pa.Stat.Ann. tit. 77, § 772 (Purdon Supp. 1981); see Richardson v. Walsh Construction Co., 334 F.2d 334, 338 (3d Cir. 1964) ("statutory remedy is exclusive"). Thus, a Pennsylvania court probably would not modify or terminate a compensation agreement under the circumstances of this case. See Pa.Stat.Ann. tit. 77, § 731 (Purdon Supp. 1981) ("All ... agreements for compensation and all supplemental agreements ... shall be valid and binding unless modified or set aside as hereinafter provided (i.e., by petition before the Board."); American Casualty Co. v. Kligerman, 365 Pa. 168, 173, 74 A.2d 169, 172 (1950) ("All questions concerning the validity of such an agreement must first be determined by a Compensation Board or its Referee"). In this case, however, it appears that, as a practical matter, the Board would not be able to terminate or modify any compensation agreements in a way that would have any effect on the rights of the claimants in this case. Thus, it might be within the equity power of a federal interpleader court applying Pennsylvania law to modify or to terminate a compensation agreement. We need not decide this question, because, even assuming that a federal court has such equity power, we believe that the party seeking to modify or terminate the compensation agreement would have the burden of proving a change in circumstances. The party filing the petition has the burden of proof to show a change of circumstances before the Board.
 
 
 8
 (The employer and its carrier) complain that there was no legally competent evidence to sustain the finding that claimant was totally disabled and would continue to be so disabled. However, (they) overlook the fact that compensation for total disability was agreed to by them and that payments on that basis were made (for four months). Total disability is presumed to continue unless and until competent examination and testimony discloses otherwise. The burden of proving that claimant's disability had ceased altogether or had become partial was upon the employer.
 
 
 9
 Fox v. American News Co., 190 Pa.Super. 74, 77, 151 A.2d 670, 671 (1959); see Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board, 43 Pa.Cmwlth. 394, 402 A.2d 561, 562 (1979) ("the employer has the considerable burden of proving that disability has ceased"); Workmen's Compensation Appeal Board v. F. W. Woolworth Co., 19 Pa.Cmwlth. 413, 338 A.2d 784, 785 (1975) ("disability is presumed to continue until demonstrated otherwise"); Lackman v. F. W. Woolworth Co., 205 Pa.Super. 129, 132, 208 A.2d 33, 34 (1965).
 
 
 10
 We think the Pennsylvania rule about the burden of proof before the Board would be applicable to any action that could be brought in state court. It would thus follow that a federal court applying Pennsylvania law would have to allocate the burden of proof in the same way. See Palmer v. Hoffman, 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L.Ed. 645 (1943) (under Erie, federal court must apply state burdens of proof).
 
 
 11
 Katsiff and Schepis presented these arguments to the magistrate, who rejected them primarily on the basis of an opinion of the Workmen's Compensation Board in Summers v. Penn Fruit Co., No. A-73030 (June 15, 1978). Summers, an appellee in the present case, sought an award from the Board against Penn Fruit and Federal. The Board dismissed Federal because it was a surety rather than an insurer, but affirmed the referee's award to Summers and against Penn Fruit. The Board, however, ordered that, "Payments of all sums is suspended and is subject to deletion, modification or other order of (the district court in the present case)." The magistrate relied on this statement for the proposition that the Board was deferring to the district court. Even if we were to agree with the magistrate's reading of Summers, an issue we need not decide, we do not think that the opinion is authority for the proposition that the burden of proof in the district court may be shifted to the claimants. It does not address the question of burden of proof at all. Even if it did, we do not think that the Board can give a federal court authority it does not otherwise have.
 
 
 12
 Katsiff and Schepis submitted evidence of compensation agreements to the district court. We assume those agreements were valid on November 21, 1977, which is how the magistrate appears to have treated them, and there is no evidence to suggest a contrary view. Thus, the district court should have awarded Katsiff and Schepis pro rata shares of the interpleaded fund on that basis.[1] Cf. Hebel v. Ebersole, 543 F.2d 14, 18 (7th Cir. 1976) ("parties' claims to the fund are of the same nature, and we approve the district court's pro rata distribution").
 
 
 13
 We will vacate the district court's judgment, and remand for calculation of Katsiff's and Schepis' shares and for appropriate modification of the other claimants' shares.
 
 
 
 [1]
 Schepis apparently did not submit proof to show that Penn Fruit's payments to him increased from $52.50 weekly to $60.00 weekly in 1975. If on remand he again fails to show this increase, the district court should calculate his share on the basis of the $52.50 figure