Cunningham *v.* Guerrina, Appellant.

Argued September 17, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Frederick L. Fuges,* with him *Joseph X. Heincer, Edmund B. Spaeth, Jr.,* and *MacCoy, Evans & Lewis,* for appellant.

*Samuel D. Engelbach,* with him *Milton S. Leidner,* for appellee.

Opinion by Watkins, J., December 9, 1958:

This is a Workmen's Compensation case involving the extent of disability suffered by the appellee, William Cunningham, as a result of an accident on December 15, 1952, in the course of his employment by the appellant, Alex Guerrina & Sons. He suffered a fracture of the os calcis of the right foot as a result of a fall from a scaffold. On January 6, 1953, the parties entered into an open compensation agreement based on total disability. Weekly payments were made under this agreement until January 24, 1955. From that date the appellant began making payments based on 25% disability and on May 13, 1955 filed a petition for modification of the agreement.

The referee found that the disability had changed from total to 50% partial permanent disability. The Workmen's Compensation Board, on appeal, reversed the referee, dismissed the petition and directed payments to be made on the basis of total disability within the limitation of the act. This decision was affirmed by the Court of Common Pleas No. 3 of Philadelphia County and this appeal followed.

The court below determined that the appellant failed to sustain its burden to show a change in the disability status created by the agreement; and that there was sufficient, competent evidence to support the board's finding of total disability.

The record shows that as a result of the accident the employee suffered a fracture of the os calcis of the right foot. The foot was operated on by Dr. Henry S. Wieder, Jr., the appellants' surgeon, in 1953 and 1954 in an effort to fuse the ankle joint. The operations were unsuccessful in that they did not bring about the result anticipated so that his condition precluded his performance of any work that would require standing, carrying or walking.

The appellee is 52 years of age and the only work known to him has been heavy manual labor. He had only very limited education and was entirely unsuited for work of any clerical nature and his disability ruled out the light jobs usually suggested in compensation cases because of his inability to stand, carry or walk without pain. The record is silent as to any suggestion by the appellant as to the availability of any such work for the appellee.

Dr. Henry S. Wieder, Jr., the appellants' medical witness testified that in his opinion there was a 25% permanent partial disability. His opinion was based solely on an estimate of his anatomical disability. Dr. Gilbert Fineman, the appellee's medical witness agreed with this anatomical estimate but testified that, taking into consideration all other factors involved, the employee's industrial disability was total and his earning capacity had been destroyed.

This Court has held that the term total disability in a workmen's compensation case means a total loss of earning power; and that the determination of that fact requires a consideration of economical as well as physical findings. Such factors as the appellee's mental outlook, his industrial background, his age, his education, the occupation, if any, he could perform where his particular physical impairment would not be a total bar, and whether such work exists, are to be considered. If it is shown that the injured party can only handle "a specially-created job, one light of effort and responsibility but laden with rest and comfort, the burden is on the defendant-employer to show that such a job is in fact within reach." *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104 (1954).

It is, of course, well founded that the compensation authorities must use their own judgment in determining the facts and unless it can be said that there is

no competent evidence to support the findings and conclusions of the referee and the board they cannot be disturbed. *Icenhour v. Freedom Oil Wks. Co.*, 136 Pa. Superior Ct. 318, 7 A. 2d 152 (1939). This rule also applies to medical evidence. "It is not our duty to reconcile conflicting medical witnesses." *Visnic v. Westmoreland Coal Co.*, 155 Pa. Superior Ct. 199, at page 204, 38 A. 2d 539 (1944).

Here, however, the medical witnesses are in accord as to anatomical disability but the appellee's medical witness, in coming to his conclusion, took into consideration other pertinent factors and the board's disability finding is clearly supported by this evidence.

In reference to the complaint that there were alleged errors in the transcribed record, we agree with Judge WATERS where he said in his opinion, "We have noted the defendant's argument respecting errors in the transcribed record of the proceedings before the referee, but we do not deem the discrepancies pointed out to be of sufficient significance as to bring about a different result."

The appellant has failed to sustain its burden under a petition to modify the agreement of the parties, to show by competent evidence a change in the disability status of the appellee.

Judgment affirmed.