## Christensen, Appellant, v. Rust Engineering Company.

Argued December 9, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*C. Henry Nicholson,* for appellant.

*Francis S. McQuilkin,* for appellee.

OPINION BY WATKINS, J., March 18, 1959:

This is an appeal in a workmen's compensation case from the order of the Court of Common Pleas of Elk County, affirming the determination of the Workmen's Compensation Board that the disability of the claimant, Norman Christensen, terminated as of February 4, 1954.

The claimant, while employed in construction work on February 9, 1953, by the employer appellee, Rust Engineering Company, sustained an electric shock and fell from a ladder to the ground eighteen feet below and so suffered concussion and lacerations about the head.

The parties executed a compensation agreement providing for total disability. Payments began on February 17, 1953. By a supplemental agreement it was concluded that the claimant's disability had terminated on March 30, 1953, when he returned to work, but had recurred on May 9, 1953, from which date the employer agreed to pay total disability for an undetermined number of weeks.

The employer filed a petition for modification of this agreement on October 21, 1953, and the referee found the claimant to be 30% disabled. On appeal to the board, the record was remanded to the referee for an examination of the claimant by an impartial physician.

After hearing the testimony of the impartial physician, the referee decided that the claimant was fully recovered. On appeal, the board again remanded the record to the referee, for the purpose of taking the testimony of a physician called by the claimant in the prior hearing, whose testimony the referee had refused to hear.

After the final hearing the referee treated the petition for modification as a petition for termination and held that the claimant's disability, as the result of the accident, ceased on February 4, 1954. The Workmen's Compensation Board sustained this decision of the referee and on appeal, the Court of Common Pleas of Elk County affirmed the board.

There is no question but that the claimant was afforded more than the usual opportunity to present his case, which was heard in a series of hearings by the referee, two rehearings, three appeals to the board, and the appeals to the court below and this Court. Certainly the case was not decided hurriedly or capriciously.

This is clearly a case of conflicting medical testimony. Judge TRAMBLEY has written a careful and painstaking opinion in which he carefully reviewed the testimony in detail. With the exception of the claimant and his wife, all the witnesses were physicians. As Judge TRAMBLEY states in his opinion, "The testimony of the doctors was conflicting but generally Drs. Epstein, Bragdon and Dickinson, of Pittsburgh, Dr. Euliano of Erie, and Dr. Kinal, the impartial physician appointed by the Referee, of Erie, Pennsylvania, testified that the claimant was completely recovered from the injury sustained by him on February 9, 1953. On the other hand, Dr. Chapman, of Warren, and Dr. Utley, a psychiatrist, of Erie, testified that the headaches and other pains of which the claimant was still complaining when they saw him were due to the fall of the claimant on February 9, 1953. . . . It was the opinion of Dr. Kinal, the impartial physician appointed by the Referee, that the claimant was malingering."

The credibility of expert witnesses and the weight to be attached to their testimony are matters exclusively for the board and in a conflict of medical opin-

ion, it is for the board to determine which conclusion it will adopt. *Cunningham v. Guerrina & Sons*, 188 Pa. Superior Ct. 288 (1958). "It is not our duty to reconcile conflicting medical testimony nor to review as a matter of law the credibility of medical witnesses." *Visnic v. Westmoreland Coal Co.*, 155 Pa. Superior Ct. 199, 204, 38 A. 2d 539 (1944). See also: *Gasior v. Pittsburgh*, 188 Pa. Superior Ct. 371, 146 A. 2d 320 (1958).

We agree with Judge TRAMBLEY where he says in his opinion, "The plaintiff contends that the decision of the board was arbitrary and capricious because it ignored the testimony of Dr. Chapman and Dr. Utley. The Board and the Referee have the power and authority to decide what testimony they will believe and what testimony they will disbelieve, and having done so, on the basis of what this court considers substantial and competent testimony, this court has no power to reverse their decision. A decision of the Referee or of the Board is not arbitrary and capricious if based on substantial and competent testimony."

Order affirmed.