Doheny *v.* City Stores et al., Appellants.

Argued June 10, 1963.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Raymond J. Porreca,* with him *Robert W. Beatty,*
and *Butler, Beatty, Greer & Johnson,* for appellants.

*Charles J. Hepburn, Jr.,* for appellee.

OPINION BY WATKINS, J., September 12, 1963:

This is a workmen's compensation case in which the
Court of Common Pleas of Delaware County dismissed
the appeal of the employer, City Stores, and its insur-
ance carrier, New Amsterdam Casualty Company, the
appellants, from the decision of the Workmen's Com-
pensation Board denying a petition to terminate a
workmen's compensation agreement entered into be-
tween the employer and Dorothy Doheny, the appellee.

An open agreement was executed by the employer
and employee for total disability for accidental injuries

received by her on August 29, 1955, when she was working as a saleswoman in the store's shoe department. She was injured when she climbed on a shelf, slipped and fell, striking her head on the edge of the shelf and suffered headache and concussion. The agreement stated, "mild cerebral concussion", but the referee modified this in his findings of fact based on medical testimony to be, "a basilar fracture of the skull with cerebrospinal rhinorrhea".

Compensation was paid under the agreement from September 6, 1955 to March 31, 1959 based upon an agreed wage of $56.55 per week at the rate of $32.50 weekly for a period of 186 weeks or a total amount of $6045.

On April 15, 1959, the appellants filed a petition to terminate the agreement as of April 1, 1959, upon the ground that disability had ceased. After hearing, the referee found as a fact that her conditions "have produced severe headaches, sudden falling, blurring vision and lack of sensation to touch on the right side. The persistence of these conditions indicate permanent impairment and render the claimant an hazardous employable risk, such as makes her a nondescript in the employment field", and dismissed the petition to terminate. The board affirmed the referee on appeal.

The burden is on the petitioner to prove a change in disability or that it has terminated entirely. A claimant for compensation must prove all essential facts by a preponderance of the competent testimony but that rule does not apply to the claimant where the employer desires to terminate an agreement. It is the employer that has the burden of proving the recovery of the employee. *Williams v. Baptist Church*, 123 Pa. Superior Ct. 136, 186 A. 168 (1936).

A careful examination of this record discloses that the testimony of Dr. Brady clearly indicates that in his examination in 1959 "anything she had then was

permanent from the injury"; "that she was a hazardous employable risk such as makes her a nondescript in the employable field"; that she, apart from her discomfort could carry on the chores of selling shoes, "except that she had headaches all the time"; that "she would be a liability to anyone who hired her"; that he wouldn't recommend that any employer hire her because of her condition; and that she has severe headaches, blurred vision, is subject to sudden falls and lack of sensation to touch on the right side.

The contention of the employer is that she could return to work but the record again discloses that she tried three times to go back to her job but was advised by her employer that she had to have a medical release and she was unable to obtain such a release from the employer's doctor. " 'We have held that if an injury has left a workman a nondescript, incapable of doing even light work of a general character, but fitted to do odd jobs not usually obtainable, it may be presumed that there is no work available for him, and, unless this presumption is overturned, he is entitled to compensation for total disability.' (Citing Cases). 'Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort (employment plums that do not often dangle from the tree of everyday economics) the burden is on the defendant-employer to show that such a job is in fact within reach. If proof of that fact is not presented, the claimant then is entitled to a finding of total disability.' " (Citing Cases) *Morgan v. Pittsburgh Business Properties, Inc.,* 198 Pa. Superior Ct. 254, 260, 181 A. 2d 881 (1962). The board properly decided that the employer failed in its burden and the findings of the board are amply supported by competent evidence.

However, on appeal to the court below, Judge SWENEY in his first opinion said: "The Board, by its

opinion, dated November 22, 1961, based its decision entirely on the evidence of the medical doctors, placing great emphasis on the statement that Dr. Joseph A. Brady, claimant's doctor, makes that claimant 'had headaches all the time; she is clumsy and she would be a liability to anybody who hired her'. The question of the credibility of witnesses is entirely for the Board; if this were the only testimony in this case, we would have to sustain the Board. However, the Referee and the Board have entirely overlooked defendant's testimony as to the activities of the claimant. There are admissions in the claimant's testimony and the detailed testimony of Allen I. Waldman, an investigator for the defendant casualty company. There is evidence of a request to return to work which was refused. This is all testimony that the Referee and the Board should have considered and facts found thereon. If the testimony is credible, it would rightly be a basis for refusing further compensation or, at least, cutting the amount of compensation from total to partial."

The court then ordered that the record be "remanded and returned to the Pennsylvania Workmen's Compensation Board for necessary further hearings and/or finding of additional facts in the light of this opinion."

We think the court below was in error in remanding the case in the first instance. Where, as here, the decision of the board is against the party having the burden of proof the question on appellate review is whether the findings of the board are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of competent evidence. *Standish Unemployment Compensation Case,* 189 Pa. Superior Ct. 471, 151 A. 2d 842 (1959); *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870 (1959).

The credibility of witnesses is for the board. *Christensen v. Rust Engineering Company,* 189 Pa. Superior

Ct. 88, 149 A. 2d 145 (1959). In making its decision, the board may accept or reject in whole or in part the testimony of any witness. Even uncontradicted testimony need not be accepted by the workmen's compensation authorities. *Smith v. Pullman-Standard Car Mfg. Co.*, 194 Pa. Superior Ct. 263, 166 A. 2d 299 (1960). The credibility of expert witnesses and the weight to be attached to their testimony are matters exclusively for the board. *Christensen v. Rust Engineering Company*, supra.

In *DeBattiste v. Laudadio & Son*, 167 Pa. Superior Ct. 38, 74 A. 2d 784 (1950), where pictures of a claimant were involved, we said: "The question of the extent of physical disability and consequent loss of earning power is a complex factual matter dependent on many variables. Such question cannot be conclusively resolved in the present case by the modern mechanical device of motion pictures showing claimant performing some work . . . The pictures cannot accurately measure his speed, energy and efficiency at work; they do not constitute an infallible measure of either disability or earning power. There was ample medical and other testimony to support the Board's finding as to the extent of claimant's disability . . ." In this case the claimant had the burden of proof; in the instant case the burden was on the employer. The board did discuss the motion pictures in its opinion and chose to follow the reasoning in the *DeBattiste v. Laudadio & Son* case, supra.

The court did remand the case to the board and in accordance with the remand order the board reviewed the record and discussed in its opinion the testimony of the employer's private investigator: "we did detect fabrication in his reports which we considered too copyrighted to be credible but thought it more humane not to state, 'it is obvious that the Referee did not give credence to the testimony of Mr. Waldman . . .' ". The

board then made the following additional findings of fact: "4. We further find from the substantial weight of the competent evidence that claimant, at most, can perform work only of a selective nature as a result of her accident of August 30, 1955." "5. That defendant failed to produce credible evidence that such work was available for the claimant."

The board also pointed out that "If the defendant-employer truly believed the claimant to be malingering and not a 'nondescript', why did it not seize the opportunity to offer her immediate employment when she indicated during the hearing that she would be most willing to work if defendant would accept her without a medical release?"

The questions raised on appeal are (1) Whether the board abused its discretion in its failure to take additional testimony under the remand order; and (2) Whether the board's findings of fact that the employee was a nondescript as a result of the accident covered by the agreement and entitled to total disability, are consistent with each other and with its conclusion of law and its order, and can be sustained without a capricious disregard of competent evidence?

Most certainly the second question is answered by the court below in its second opinion, after the additional findings of fact by the board. As to the first question, the court's first opinion clearly indicated that the remand was for the purpose of a review of the testimony by the private detective and the motion pictures of the claimant's activities. We have held many times that since it is not the duty of this Court to decide whose testimony is credible and which facts are determinative, we must refer the matter back to the board to make findings and appropriate conclusions and to enter an order in conformity with such findings and conclusions. *Lavely Unemployment Compensation Case,* 163 Pa. Superior Ct. 66, 60 A. 2d 352 (1948). The

language of the order itself clearly left it to the discretion of the board as to the need for additional hearings to make the findings required. *Gurauskas v. Lehigh Navigation Coal Co.*, 51 Sch. L.R. 149 (1955).

Decision affirmed.