Desiderio, Appellant, *v.* Penn Fruit Co., Inc.

Argued March 24, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Joseph Hakun,* with him *Sheer & Mazzocone,* for appellant.

*Tom P. Monteverde,* with him *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY WRIGHT, J., April 14, 1966:

This is a workmen's compensation case. We are here concerned with an appeal by the claimant from an order of Court of Common Pleas No. 3 of Philadelphia County, affirming an order of the Workmen's Compensation Board which granted the employer's petition to terminate compensation payments.

Mrs. Viola C. Desiderio, the claimant, was employed by Penn Fruit Company as a cashier. She sustained an accidental injury on September 22, 1959, while stocking shelves, when a metal banana box fell against her arm. An open compensation agreement was executed setting forth that the accident had resulted in a contusion of claimant's upper left arm. Mrs. Desiderio returned to work on December 7, 1959, and executed a final receipt. On January 10, 1960, she ceased work, and a supplemental agreement was executed reinstating compensation payments. The employer subsequently filed a petition to terminate compensation payments as of May 5, 1960. After taking testimony on September 19, 1961, the Referee dismissed the employer's petition by order filed February 6, 1963. The employer appealed and, on December 26, 1963, the Board entered an order reversing the Referee and granting the petition to terminate. As previously indicated, the Board's order was affirmed by the Court of Common Pleas and this appeal by claimant followed.

The applicable legal principles are well settled. The burden of proof was upon the employer: *Lackman v. F. W. Woolworth Co.,* 205 Pa. Superior Ct. 129, 208 A. 2d 33. The extent of physical disability is a complex factual matter dependent upon many variables, and the determination of this question is within the province of the compensation authorities, as is also the question of the credibility of the witnesses and the weight of their testimony: *Bobbouine v. Rex Shoe Co.,* 200 Pa. Superior Ct. 273, 188 A. 2d 848. On appeal from an order of the Board terminating compensation benefits, the question before the court is whether there was sufficient competent evidence to support the findings of the Board: *Erwin v. L. & H. Construction Co.,* 192 Pa. Superior Ct. 632, 161 A. 2d 639. Since the Board found against the claimant in the instant case, we must view the evidence in the light most favorable

to the employer: *McGowan v. Upper Darby Pet Supply*, 207 Pa. Superior Ct. 329, 217 A. 2d 846.

Appellant contends that the employer's evidence was insufficient as a matter of law to support a termination of the compensation agreement. To the contrary, our review of this original record discloses ample basis for the order of the Board. Dr. H. Newton Spencer, an orthopedic surgeon, testified for the employer that, on May 5, 1960, claimant's condition was normal in every respect. "I thought there was no disability at this time that I could measure, and I recommended she return to full activity". Appellant relies on *Fox v. American News Co.*, 190 Pa. Superior Ct. 74, 151 A. 2d 670, and *Cunningham v. Guerrina*, 188 Pa. Superior Ct. 288, 146 A. 2d 318, neither of which dictates reversal here. Each of those cases involved an appeal by the employer from a decision of the Board refusing to terminate compensation. Similarly, the other authorities cited by appellant on this phase of the case[1] are not controlling.

Appellant also argues that the Board erroneously placed the burden of proof upon the claimant. The record does not support this contention. In concluding its opinion, the Board expressly states "that the defendant has established that the claimant is not disabled and can return to work . . . This Board finds the claimant no longer disabled either partially or totally". We perceive no merit in appellant's request that the case be remanded to the Board.

The order of the court below is affirmed.

---

[1] *Fehr v. Y.M.C.A.*, 201 Pa. Superior Ct. 107, 192 A. 2d 143; *Pelosi v. Overbrook Tile Co.*, 138 Pa. Superior Ct. 30, 10 A. 2d 118; *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104; *Doheny v. City Stores*, 201 Pa. Superior Ct. 566, 193 A. 2d 650; *Downing v. Leechburg Mining Co.*, 195 Pa. Superior Ct. 574, 171 A. 2d 857; *Rosa v. Paint Creek Collieries*, 170 Pa. Superior Ct. 540, 85 A. 2d 670.