Anderson *v.* King Kup Candies, Inc.

Argued March 11, 1971, before Judges CRUMLISH, JR., MANDERINO and MENCER, sitting as a panel of three.

*Leonard J. Gajewski,* for appellant.

*Joseph E. Lewis,* with him *Stevens & Lee,* for appellee.

OPINION BY JUDGE MANDERINO, September 20, 1971:

Richard Anderson, appellant, was denied compensation by the Workmen's Compensation Board and the Board's decision was upheld by the Court of Common Pleas of Berks County. Anderson appeals to this court pursuant to Section 508(d) of the Appellate Court Jurisdiction Act of 1970 (Act No. 223 of July 31, 1970, P. L.    , 17 P.S. 211.101 et seq.)

The lower court upheld the Board's decision based on the Board's conclusions that there was no "accident" and also that no causal connection had been established between the incident (which the Board said was not an accident) and Anderson's injuries.

Anderson claims that the record clearly sustains a finding that an "accident" occurred in the course of his employment and also that the record clearly sustains a causal connection between the alleged "accident" and Anderson's injuries. We conclude that the lower court properly affirmed the decision of the Board. The question before this court is whether the findings of the Board and its conclusions of law can be sustained without a capricious disregard of competent evidence. *Doheny v. City Stores*, 201 Pa. Superior Ct. 566, 193 A. 2d 650 (1963).

The Board found that no "accident" had occurred because the incident was routine and regularly occurred in the course of Anderson's employment. Anderson while pushing a truck off an elevator was jerked back because the level of the floor was higher than that of the elevator. The Board concluded that the jerking back which occurred was not unusual in degree or kind from what normally occurred when Anderson pushed the truck off the elevator which he did daily in his employment. The elevator worked properly but when the truck was placed upon the elevator, the weight of the truck would cause the elevator to be depressed slightly and a

certain amount of pressure was needed in order to push the truck off the elevator onto the floor. The Board's conclusion that this did not constitute an accident is sustained and controlled by *Crispin v. Leedom & Worrall Company*, 341 Pa. 325, 19 A. 2d 400 (1941). The *Crispin* case is identical to this case on the question of whether an accident occurred:

The facts in *Crispin* were: "Claimant . . . was engaged . . . in pushing from an electric elevator a truck. . . . Because of the weight of the truck . . . the elevator . . . came to rest . . . an inch to an inch and a half below the floor level of the storeroom. . . . The two men were unsuccessful in their first attempt to push the truck over this elevation, but by a second, stronger effort they moved it from the elevator with a 'bounce.' Neither the disparity between the floor levels nor the effort required to overcome it were unusual circumstances. These conditions had been encountered by claimant a number of times in the course of his regular employment."

In *Crispin* it was concluded that no accident occurred, the court stating:

"In the case before us it cannot be said that there was an 'accident'. . . . The term could no more be applied to that which here occurred than it could be made to describe a situation where a man pushing a wheelbarrow came into contact with a one inch board lying on the floor, failed in the first instance to use sufficient force to cause the wheel to pass over it, but by exerting more force overcame the obstacle. No one would speak of such an occurrence as an accident. . . ."

We cannot say that the board abused its discretion in concluding from the evidence before it that an accident had not occurred. The record clearly sustains facts almost identical in all respects to those related in the *Crispin* case.

Anderson also challenges the board's conclusion that there was no causal connection between the incident and Anderson's injuries. The evidence clearly shows that Anderson had two congenital defects of the lumbosacral spine. There is testimony that Anderson completed his work shift on the day of the incident and did not seek medical attention until approximately seven weeks after the incident. Doctor Morrissey, one of the doctors who testified as to the causal connection, did not examine Anderson until approximately seven months after the incident. Doctor Bush, a chiropractor who testified as to the probable causal connection, did not take X-rays and had no knowledge of Anderson's congenital defects. These facts clearly show that the Board did not capriciously disregard any testimony by Anderson or his medical witnesses. Where there is no capricious disregard of competent evidence this court cannot reverse the findings of the Board. *Doheny v. City Stores*, 201 Pa. Superior Ct. 566, 193 A. 2d 650 (1963).

The order of the lower court is affirmed.