Roger R. Carpenter, Appellant, *v.* Workmen's Compensation Appeal Board, Flanigan Brothers and State Workmen's Insurance Fund, Insurance Carrier, Appellees.

514

Submitted on briefs, December 5, 1974, to Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Thur W. Young,* with him *Fink and Young,* for appellant.

*James G. Schleicher,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, December 23, 1974:

Roger R. Carpenter, a workmen's compensation claimant, has appealed from an order of the Workmen's Compensation [Appeal] Board which set aside an award of benefits by a referee. All of the actions taken in this matter predated the amendments to Section 423 of the Workmen's Compensation Act,[1] by Acts Nos. 12 and 61 of 1972, and therefore the Board had the power, as it did, to vacate crucial findings and conclusions of the referee and to substitute therefor its own determinations.

The appellant contends that the Board capriciously disregarded competent evidence, first, in finding that the claimant had not proved that his injury was the result of an accident, and second, assuming the correctness of the Board's finding that there was no accident, in finding that there was insufficient evidence of a break, rupture or tear of bone or tissue, thus rendering the unsual pathological result doctrine inapplicable.

The claimant was the only witness at the referee's hearing. On direct examination, he testified that while operating a bulldozer on October 24, 1969, he shifted from a reverse to a forward gear at full throttle and that the sudden forward motion thus produced caused him to be propelled against the backrest of the driver's seat. He felt a sharp pain in his back; suffered back pains later that day and the following day, and was disabled thereafter. On cross-examination, however, he testified to shifting gears as many as fifty times on October 24, 1969, and that on as many as ten occasions that day he had shifted from reverse to forward gear while the engine was at full throttle. He also admitted that "to a certain extent" the accident in which

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §854.

he felt the sharp pain was a "typical going back and forward operation."

The claimant's medical evidence consisted only of two very short letters from his treating physician stating that the claimant suffers from a protruded lumbar disc with nerve root involvement.

The scope of our review is narrow. We must affirm the Board unless its findings cannot be sustained without a capricious disregard of competent evidence. *Yuhas v. Bethlehem Steel Corporation*, 8 Pa. Commonwealth Ct. 302, 303 A. 2d 266 (1973). A capricious disregard is the wilful and deliberate disbelief of an apparently trustworthy witness whose testimony one of normal intelligence could not possibly challenge. *Rice v. A. Steiert & Sons, Inc.*, 8 Pa. Commonwealth Ct. 264, 301 A. 2d 919 (1973).

We are unable to determine that the Board capriciously disregarded competent evidence. The record does not establish that the claimant was doing other than his usual work in the usual manner on the day in question. It is as susceptible to the inference that the claimant's back troubles emanated from his many years of operating heavy equipment as it is to the finding of an accident, and indeed his claim petition states the cause of the injury to be "constant trauma to claimant's back caused by operation of [a] bulldozer." We are unable to conclude that a person of reasonable intelligence reviewing all of the evidence would not determine, as the Board did, that the claimant's symptoms and the protruded disc were not the result of an untoward or fortuitous happening on October 24, 1969. *See Anderson v. King Kup Candies, Inc.*, 3 Pa. Commonwealth Ct. 227, 281 A. 2d 369 (1971).

As noted, the claimant contends that even if the Board did not err in finding that no accident occurred, it capriciously disregarded competent evidence in finding that he sustained no break or tear of bone or tissue.

The only medical evidence was the doctor's statement that the claimant suffers from a protruded lumbar disc. However, a lumbar disc may protrude without a tearing of tissue. *Gray, Attorney's Textbook of Medicine*, Third Ed. 1974, Vol. 1B, Chapter 15.

### ORDER

AND NOW, this 23rd day of December, 1974, the order of the Workmen's Compensation [Appeal] Board disallowing the appellant's claim petition is affirmed.