Varner *v.* Harbison-Walker Refractories
Company et al., Appellants.

Argued March 22, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*I. Newton Taylor,* with him *Newton C. Taylor, Donald R. Mikesell, Clyde M. Hughes, Jr.,* Chief Counsel, and *Taylor & Taylor,* for appellants.

*Horace J. Culbertson,* for appellee.

OPINION BY WATKINS, J., September 15, 1966:

This is an appeal from the judgment of the Court of Common Pleas of Huntingdon County under the Occupational Disease Act of June 21, 1939, P. L. 566, as amended, affirming the Workmen's Compensation Board in awarding benefits to the claimant.

The claimant, Emory J. Varner, was employed by the Harbison-Walker Refractories Company from 1924 to 1927 and from 1932 to the latter part of 1956, during which time he was exposed to a silica hazard.

The basic dispute in this case is when he became totally disabled, which determines whether the claim was properly filed within the sixteen month statutory period provided in §315 of the Act, supra, 77 PS §1415. The appellant company claims that he knew of his total disability in January, 1957, when the statute began to run, while the claimant contends that his total disability began September 7, 1959. If the claimant's contention prevails as to the date of total disability then the appellant claims that it did not have the notice of such disability within the required statutory period of 120 days after September 7, 1959. Section 311 of the Occupational Disease Act, supra, 77 PS §1411.

The referee found that the claimant became totally disabled on September 7, 1959, and awarded benefits. The Board remanded the case to the Referee for the taking of additional testimony as to the hazard. The

Referee found that the claimant was exposed to a silica hazard but found that he became totally disabled during January of 1957 and disallowed benefits.

On appeal, the Board refused claimant's counsel the opportunity of oral argument and affirmed the Referee. The Court of Common Pleas, on appeal, remanded the record to the Board with directions to give counsel the opportunity of oral argument. This was done and then the Board found as a fact that the claimant's disability commenced September 7, 1959 and awarded benefits.

The following findings of fact by the Board are involved in this appeal.

"Eighth: Claimant became totally disabled from silicosis September 7, 1959, and the defendant had notice of disability.

"Ninth: Claimant's petition for compensation was filed on September 27, 1960, within 16 months after the finding of total disability." As the court below said: "It is obvious that the Referee was perplexed by Dr. Watkin's testimony inasmuch as the Referee first found that claimant's total disability commenced September 7, 1959, and then later found that such disability commenced in January of 1957. Likewise, the members of the Board were perplexed. The first Board, without benefit of oral argument, found that such total disability commenced in January of 1957, and the second Board found that such total disability commenced September 7, 1959. Dr. Watkins testified that claimant was permanently disabled from silicosis for six months prior to May of 1957. During the same hearing Dr. Watkins also testified that claimant became totally disabled on September 7, 1959; that until September 7, 1959 claimant could have performed light work; that he could have done work 'like that of a watchman'; that he 'mowed the lawn', and that he could 'drive an automobile'. In this connection it

should be recalled that for the last several years of his employment prior to his layoff in 1956, claimant's work consisted of driving a pickup truck making deliveries and doing 'odd jobs'."

The question before us is whether there is substantive evidence to support the findings of fact involved. *Downing v. Leechburg Min. Co.,* 195 Pa. Superior Ct. 574, 171 A. 2d 857 (1961). The evidence and the inferences must be viewed in the light most favorable to the claimant, and it is the exclusive province of the Board to weigh the evidence and to accept or reject the testimony of a witness. *Meehan v. Philadelphia,* 182 Pa. Superior Ct. 161, 126 A. 2d 488 (1956). The reviewing court may not weigh and reject the doctor's testimony as to the performance of light work as incredible. The Board accepted this testimony and labeled it credible and that is the end of the doctor's credibility. *McCann v. Cross Bros. M. Packers, Inc.,* 205 Pa. Superior Ct. 255, 208 A. 2d 887 (1965).

What this Court said in *Butler v. United States Steel Corporation,* 205 Pa. Superior Ct. 508, 211 A. 2d 35 (1965), is applicable. "In the instant case it was possible for the fact finders to conclude from the testimony of the claimant that he was totally disabled as a result of silicosis on the date of his retirement but they didn't so find . . . . The finders of fact could infer, that although he knew he had miner's asthma, . . . he was not totally disabled so as to qualify under the Act." Similarly in the instant case the fact finders could have found that the date of total disability was in January but they didn't so find.

The appellants' second contention is that if the date of total disability was September 7, 1959, then the employer did not receive notice of disability within the required 120 days. "Courts should not read into the Workmen's Compensation Act a stricter requirement than the language of the Act imports in regard

to notice of an accident. It must be liberally construed. The purpose of the notice is to protect the employer from stale claims made for accidental injuries after the opportunity for a full and complete examination is passed." *McCann v. Cross Bros. M. Packers, Inc.,* supra, at page 257.

The claimant in the instant case did not stay silent and present a stale claim after the opportunity for a full and complete examination had passed. It is obvious that the employer had notice of claimant's silicosis in January, 1957, and believed he was totally disabled at that time. As the court below said: "The fact that claimant's wheezing and weakness at the time of giving the notice in 1957 had not quite moved from the realm of substantial partial disability into total disability does not destroy the fact that claimant furnished notice to his employer and gave his employer a full opportunity to make such examination as might have been desired, thereby serving the purpose of the notice requirement of the Act. If the Board chose to infer that, under all the circumstances, the employer must have known in 1957 and thereafter either that claimant was totally disabled or that inevitably, he soon would be so disabled, the inference was justified."

Further, the record shows that the employer had been paying pension fund disability to claimant since 1957 and although the evidence is admittedly weak, the record does show that the claimant testified that he did give notice of total disability to a foreman of the company within the 120-day period subsequent to September 7, 1959.

Judgment affirmed.