**Palovich v. B & B Coal Company**

*Eugene J. Mirarchi,* for claimant.
*Bernard J. Sheeler,* for employer.

MOSER, J., June 6, 1974.—This is an appeal from the order of the Workmen's Compensation Board under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201, et seq., affirming the workmen's compensation referee in awarding benefits to the claimant.

The claimant, Joseph Palovich, worked in the coal mining industry in this Commonwealth for approximately 19 years, all but two years of which was employment inside a coal mine as a miner and laborer. He was employed by B & B Coal Company from 1962 to 1971, and by the Susquehanna Coal Company from 1950 to 1956.

The claimant filed two different claim petitions for compensation benefits. The first claim petition was filed on September 7, 1972, for benefits under section 301(i) of the Occupational Disease Act: 77 PS §1401. Following a hearing on the petition, claimant was permitted to withdraw the first claim petition which had been filed September 7, 1972. The second claim petition was filed February 27, 1973, for basic benefits under section 301(g) of the Occupational Disease Act, and, following a hearing, the referee awarded compensation to the claimant.

Both claim petitions represent that the claimant became totally disabled as the result of anthraco-silicosis. The first petition fixed the date of total disability as August 28, 1972, and the second petition fixed the total disability date as August 30, 1972. The board found that "the discrepancy in those dates is minor and insignificant," and fixed the date of total disability as August 30, 1972. The claimant's physician testified that after examination and X-ray, he informed the claimant of his total disability from anthraco-silicosis on August 30, 1972. In the brief filed on behalf of the Commonwealth, it is stated that

"there is no contraverted medical issue involved" in this case.

The Commonwealth appealed to this court from the action of the board and filed exceptions to the board action. The Commonwealth argues that if the date of total disability was August 30, 1972, then the Commonwealth did not receive notice of disability within 120 days thereafter, as required by section 311 of the Occupational Disease Act: 77 PS §1411. The Commonwealth also contends that even if section 311 has not been violated, there is noncompliance with section 315 of the same Act, 77 PS §1415, fixing the date for the commencement of compensation.

Section 311 of the Occupational Disease Act, as amended, 77 PS §1411, provides that: "Unless the employe or someone in his behalf . . . shall give notice of disability to the employer liable for compensation under this article . . . within one hundred twenty days after the beginning of compensable disability no compensation shall be allowed."

The time for giving of notice to the employer begins to run from the date that the employe is disabled and definitely knows that he is totally disabled from anthraco-silicosis. Butler v. U. S. Steel Corp., 205 Pa. Superior Ct. 508, 211 A. 2d 35. The fourth finding of fact included in the opinion of the board deals with the giving of notice of disability:

"Fourth. Notice of claimant's total disability due to anthraco-silicosis was given by a petition received by the Occupational Disease Division, Commonwealth of Pennsylvania, on September 7, 1972."

Section 315 of the Occupational Disease Act, as amended, 77 PS §1415, directs that: "In cases of total disability from silicosis, anthraco-silicosis, coal worker's pneumoconiosis, and asbestosis where the claim is allowed, compensation shall be payable and

commence as of the date the claim is filed." In the award, the board ordered and directed that compensation be paid beginning September 7, 1972.

The board determined that the filing of the claim petition on September 7, 1972, constituted the required notice of disability under section 311, and also fixed the date the claim was filed for the commencement of compensation under section 315. In this determination, the board found that for these purposes, the award is supported by the first claim petition. On the other hand, the Commonwealth maintains that the first claim petition must be limited to a claim under section 301(i) only. See Moore v. Dodge Steel Co., 206 Pa. Superior Ct. 242, 213 A. 2d 130.

The Pennsylvania Occupational Disease Compensation Act should be given the same liberal construction that has been given Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended (77 PS § 1, et seq.) with regard to time within which notice of disability must be given to the employer, to the end that a meritorious workmen's compensation claim should not be defeated for technical or theoretical reasons if possible to avoid such results: Roschak v. Vulcan Iron Works, 157 Pa. Superior Ct. 227, 42 A. 2d 280. Courts should not read into the Occupational Disease Act a stricter requirement than the language of the act imports in regard to notice of total disability. It must be liberally construed. The purpose of the notice is to protect the employer from stale claims made for disability benefits after the opportunity for a full and complete examination has passed: McCann v. Cross Bros. Meat Packers, Inc., 205 Pa. Superior Ct. 255, 208 A. 2d 887; Varner v. Harbison-Walker Refractories Co., 208 Pa. Superior Ct. 318, 222 A. 2d 458.

The claimant in the instant case did not stay silent

and present a stale claim after the opportunity for a full and complete examination had passed. It is obvious that the Commonwealth had notice of claimant's anthraco-silicosis on September 7, 1972, and apparently believed claimant was totally disabled at that time. The withdrawal of the first claim petition to enable claimant to almost immediately file a second claim petition for greater benefits does not destroy the fact that claimant furnished timely notice of total disability from anthraco-silicosis to the Commonwealth and gave the Commonwealth a full opportunity to make such examination as might have been desired, thereby serving the purpose of the notice requirement of the act. Varner v. Harbison-Walker Refractories Co., supra. It appears from the record that there is substantive evidence to support the finding of fact involved: Downing v. Leechburg Mining Co., 195 Pa. Superior Ct. 574, 171 A. 2d 857. The evidence and the inferences must be viewed in the light most favorable to the claimant: Meehan v. Philadelphia, 182 Pa. Superior Ct. 161, 126 A. 2d 488.

It is not disputed that on September 7, 1972, claimant filed a claim petition for benefits under section 301(i) of the Occupational Disease Act. The board found that notice of claimant's total disability due to anthraco-silicosis was given to the Commonwealth by that petition, and also found that the same petition constituted the claim for benefits for total disability due to anthraco-silicosis in this proceeding: Busi v. A. & S. Wilson Co., 110 Pa. Superior Ct. 95, 167 Atl. 655. Accordingly, the date of filing the petition on September 7, 1972, must also be the date fixed by the board for compensation to commence. It would be inconsistent for the board to reach any other conclusion relative to the date compensation became payable under the statute: Sierzega v. U. S. Steel Corp., 204 Pa. Superior Ct. 531, 205 A. 2d 696.

For the above reasons, therefore, we issue the following:

## ORDER

Now, June 6, 1974, we enter judgment in favor of Joseph Palovich and against the Commonwealth of Pennsylvania, Occupational Disease Fund, for compensation for total disability due to anthraco-silicosis, at the rate of $60 per week beginning September 7, 1972, and continuing from said date within the limitations of the act, but not to exceed the sum of $12,750, with legal interest on all deferred payments; and, upon the expiration of the full payment of the foregoing award, for compensation at the rate of $100 per month of total disability, during his lifetime only, pursuant to section 301(i) of the Occupational Disease Act, as amended.

The compensation above mentioned is subject to suspension under subsection (k) of section 301 of the Act of June 21, 1939, as amended, of the Occupational Disease Act, 77 PS §1401(k).